Compañía Cervecera de Puerto Rico, Inc., Plaintiff and Appellee, *v.* Rafael Buscaglia, Treasurer of Puerto Rico, Defendant and Appellant (two cases). The Mayagüez Light, Power & Ice Company, Inc., Plaintiff and Appellee, *v.* Same, Defendant and Appellant.

Nos. 8841, 8850, and 8860. Argued January 18, 1944.—Decided January 20, 1944.

*M. Rodríguez Ramos* and *G. Benítez Gautier, A· E. Franco Cabrero,* and *Fernando B. Fornaris, Deputy Attorneys General,* for appellant. *J. Alemañy Sosa* for appellee.

Mr. Justice Todd, Jr., delivered the opinion of the court.

The three appeals herein were heard and submitted together. They involve the same question, to wit, whether the facts of these cases must be covered by the holding in the case of *Legarreta* v. *Treasurer,* 55 P.R.R. 20.

In the complaint in case No. 8841 it was alleged that demand was made upon the plaintiff by the Collector of In-

ternal Revenue of Mayaüez for the payment of excise taxes on a certain machinery imported by the plaintiff from the United States to be used in its business, on the ground that said machinery was comprised in the provisions of subdivision 27 of §16 of the Internal Revenue Law of Puerto Rico, as amended in 1936; that the plaintiff refused to pay said excise taxes and thereupon the defendant, acting through its representative in Mayagüez, attached several properties of the plaintiff and threatened to sell the same at public auction, for which reason the plaintiff, in order to avoid such sale, was forced to pay under protest to said collector the sum demanded, which it now seeks to recover.

The defendant filed a motion for the transfer of the case to the District Court of San Juan on the ground that plaintiff's cause of action arose in the city of San Juan, where the defendant has his office and official residence, and he cited §§79 and 81 of the Code of Civil Procedure. Said motion was accompanied by a demurrer and an affidavit of merits.

The facts in the other two cases are similar. The lower court denied the motions for change of venue in the three cases, holding that, in accordance with plaintiffs' allegations, the causes of action arose in the city of Mayagüez, where the demand for payment, the attachment of property, and the notice for sale of the same at public auction were carried out by the Collector of Internal Revenue of Mayagüez, all of them being affirmative acts performed by the defendant in said district. Thereupon the defendant appealed.

Subdivision 2 of §79 of the Code of Civil Procedure reads as follows:

"Section 79.—Actions for the following causes must be tried in the district where the cause, or some part thereof, arose, subject to the like power of the court to change the place of trial:

"1.    *    *    *    *    *    *    *

"2. Against a public officer, or person specially appointed to execute his duties, for any act done by him in virtue of his office, or

against a person who, or by his command or in his aid, does anything touching the duties of such officer.''

Construing the above legal provisions and citing decisions from California in connection with §393 of the Code of Civil Procedure of that State which is identical with the corresponding section of our code, this court in the case of *Legarreta* v. *Treasurer, supra,* held, to quote from the syllabus, that—

''. . . Paragraph 2 of Section 79 of the Code of Civil Procedure contemplates affirmative acts of officials which directly affect personal or property rights of third persons. Therefore, said Section is not applicable in a suit to recover taxes paid, wherein an affirmative act on the part of the Treasurer which affects the personal or property rights of plaintiff is not alleged.''

A mere reading of that decision shows that the same is not applicable to the facts of the case at bar. In the *Legarreta* case, *supra,* the complaint failed to allege any ''affirmative act on the part of the Treasurer which affected the personal or property rights of the plaintiff,'' whereas in the instant case such acts are alleged—demand for payment, attachment of property, and notice for public sale thereof— which facts the defendant, by virtue of the demurrer, accepted as true for the purpose of the motion for a change of venue.

The appellant, however, argues that the affirmative acts alleged were performed by the collector of internal revenue directly and not by the defendant as Treasurer of Puerto Rico. The argument lacks merit. The collectors of internal revenue are appointed by the Treasurer of Puerto Rico— §329 of the Political Code—and they are nothing else than agents or delegates of that officer in the tax collection districts. Moreover, §105 of the Internal Revenue Law of Puerto Rico expressly provides that—

''Section 105.—When any person bound by this Act to make payment of taxes levied hereunder, fails to do so within the time fixed

therefor, the Treasurer of Porto Rico or his *duly authorized agents* are empowered to attach and sell property of the debtor at public vendue, pursuant to the procedure established in the Political Code to enforce payment of property taxes levied and unpaid, granting to the debtor the right of redemption on the same terms and to the same extent as provided by said Code."

So that the Collector of Internal Revenue of Mayagüez, as agent of the Treasurer of Puerto Rico, had no power to attach property belonging to the plaintiff unless "duly authorized" by said officer. The action of the collector was the action of the Treasurer, *qui facit per alium facit per se,* and hence, the affirmative acts alleged, although performed in fact by the collector, were the acts of the appellant.

The orders appealed from denying the change of venue sought should be affirmed.

Mr. Justice Snyder did not participate herein.